UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PURE TECH SYSTEMS, INC.,                                Case No.: 07cv7065

                        Plaintiff,                            **Answer to Complaint**
                                                           **With Jury Demand**
      Vs.

KEMPER ENVIRONMENTAL LTD, and KEMPER
INDEMNITY INSURANCE COMPANY,

                        Defendants.

-------------------------------------------------------------------X

        The Defendant, American Motorist Insurance Company incorrectly sued herein as Kemper Environmental Ltd. and Kemper Indemnity Insurance Company (and hereafter referred to as AMICO) by its attorneys Donovan Hatem, LLP, as and for its Answer to the Plaintiff's Complaint, respectfully states upon information and belief as follows:

        1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

        2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint.

        3.      Denies the truth of the allegations contained in paragraph "3" of the Complaint except avers that effective October 1, 2001, Kemper Environmental Ltd. ("Kemper Environmental") merged into Kemper Indemnity Insurance Company ("Kemper Indemnity").

        4.      Denies the truth of the allegations contained in paragraph "4" of the Complaint except avers that effective August 31, 2004, Kemper Indemnity Insurance Company merged into American Motorist Insurance Company.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint and refers all questions of law to the court.

6. Admits the allegations set forth in paragraph "6" of the Complaint.

7. Admits the allegations set forth in paragraph "7" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

10. Admits the allegations set forth in paragraph "10" of the Complaint.

11. Denies the truth of the allegations contained in paragraph "11" of the Complaint except admits that Kemper Indemnity issued policy No.: 444-000445 to Pure Tech Systems, Inc.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13. Denies the truth of the allegations contained in paragraph "13" of the Complaint.

14. Denies the truth of the allegations contained in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint.

19. Denies the truth of the allegations contained in paragraph "19" of the Complaint.

20. Denies the truth of the allegations contained in paragraph "20" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint.

24. Denies the truth of the allegations contained in paragraph "24" of the Complaint.

25. Admits the allegations set forth in paragraph "25" of the Complaint.

## COUNT 1-DECLARATORY RELIEF

26. Defendant repeats and reiterates each and every answer previously set forth herein in paragraphs "1" through "25" as if more fully set forth herein at length.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Complaint and specifically denies that Plaintiff is entitled to coverage under the "Kemper Policies".

28. Denies the truth of the allegations contained in paragraph "28" of the Complaint.

29. Denies the truth of the allegations contained in paragraph "29" of the Complaint.

30. Denies the truth of the allegations contained in paragraph "30" of the Complaint.

31. Denies the truth of the allegations contained in paragraph "31" of the Complaint.

32. Denies the truth of the allegations contained in paragraph "32" of the Complaint.

## COUNT II-BREACH OF CONTRACT

33. Defendant repeats and reiterates each and every answer previously set forth herein in paragraphs "1" through "32" as if more fully set forth herein at length.

34. Denies the truth of the allegations contained in paragraph "34" of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Complaint.

36. Denies the truth of the allegations contained in paragraph "36" of the Complaint.

37. Admits the allegations set forth in paragraph "37" of the Complaint.

38. Denies the truth of the allegations contained in paragraph "38" of the Complaint.

39. Admits the allegations set forth in paragraph "39" of the Complaint.

40. Denies the truth of the allegations contained in paragraph "40" of the Complaint.

41. Denies the truth of the allegations contained in paragraph "41" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted, cognizable in equity or law, against the answering Defendant, and must therefore be dismissed.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed for failure to join (a) necessary and/or indispensable party(ies).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Complaint should be dismissed based on the applicable Statute of Limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

There is no coverage for any person or entity who is not an Insured as defined under the Policies.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Policies do not apply to expenses, losses, liabilities of, or damages of any kind incurred by, accruing to, or alleged to be liabilities of an Insured which are not related to Final Closure or Post-Closure Care Regulations, or to Claims.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Policies do not apply to Additional Costs based upon or arising out of any expenses, charges or costs resulting from the investigation or defense of any liability of or obligation of an Insured to pay for Final Closure Costs or Post-Closure Care Costs.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

This Policies do not apply to Fines/Penalties based upon or arising out of civil, administrative or criminal fines or penalties, assessments, punitive exemplary or multiplied damages imposed by reason of violation of any law or regulation.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

The Policies do not apply to Known Conditions existing prior to the Inception of this Policies, and reported to any officer, director, partner or other employee responsible for environmental affairs of an Insured.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

This policy does not apply to Suretyship/Insurance based upon or arising out of failure to maintain any form of surety, insurance or bond either with respect to the Insured or any other entity (ies) or company (ies).

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The Policies are subject to the Limits of Liability set forth therein.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

There is no coverage under the Policies to the extent an Insured voluntarily made or approved any payments, assumed any obligations or incurred any Final Closure Costs, or Post-Closure Care Costs (which are not in accordance with the Closure Plan or Post-Closure Plan) without the Company's written consent.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

There is no coverage to the extent an Insured failed to cooperate with the Company and, upon the Company's request, assist in obtaining information relative to any Claims made.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of the Policies, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Upon the effective date of cancellation by the First Named Insured, all indemnity obligations on the part of the Company hereunder automatically ceased.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

The Policies are void and there is no coverage thereunder to the extent they were assigned or transferred without written consent of the Company

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

There is no coverage for any costs arising from a Non-Covered Location.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

There is no coverage under the Policies for claims for Partial Closure Costs or costs otherwise resulting from partial closure.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

There is no coverage under the Policies for Final Closure Costs incurred by the Insured outside the Policy Period as defined therein or reported to the Company outside the policy period.

### AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

There is no coverage under the Policies for Final Closure Costs that were neither approved nor incurred by the Insured during that policy period.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

There is no coverage under the Policies to the extent immediate written notice of any information that Final Closure Costs or Post Closure Care Costs were to be incurred or were to be requested by a regulatory body, was not provided as required under the Policies.

### JURY DEMAND

The Defendant hereby requests a trial by jury.

**WHEREFORE**, the answering Defendant demands judgment:

a.  Dismissing the Complaint against the Defendant;

b.  Awarding the costs and expenses of this litigation, including attorneys fees.

Dated:     New York, New York
           October 9, 2007

**DONOVAN HATEM LLP**
*Attorneys for Defendant*

_____
David M. Pollack (6143)
One Penn Plaza, Suite 3324
New York, New York 10119
Tel:  (212) 244-3333

To:    Sean W. Walsh, Esq.
Saulius K. Mikalonis, Esq.
Giarmarco, Mullins & Horton, P.C
Attorneys for Plaintiff
Tenth Floor Columbia Center
101 West Big Beaver Road
Troy, Michigan 48084-5280

Vinjanyant Pawar, Esq.
Attorneys for Plaintiff
35 Airport Road, Suite 3300
Morristown, NJ 07960

01114750